JAMES W. PORTER v. MERRICK COUNTY.

FILED OCTOBER 17, 1894.   No. 5911.

Sheriffs: MILEAGE. For conveying insane patients to the hospital a sheriff is entitled to mileage at the rate of five cents per mile and not at the rate of ten cents per mile.

ERROR from the district court of Merrick county. Tried below before MARSHALL, J.

*J. W. Sparks,* for plaintiff in error.

*A. Ewing, contra.*

IRVINE, C.

A single question is presented by this record, to-wit: Is a sheriff, for conveying insane patients to the hospital entitled to mileage at ten or at five cents per mile? Chapter 28 of the Compiled Statutes relates generally to the subject of fees, and section 5 of that chapter relates to the fees of a sheriff. Among the items of that section is the following: "Traveling expenses for each mile actually and necessarily traveled, five cents." This section, without material difference, appeared in the Revised Statutes of 1866. Chapter 86, Compiled Statutes, relates to the penitentiary, and section 33 of that chapter is as follows: "The expenses and legal fees of sheriffs and other officers, incurred in conveying convicts to the penitentiary, shall be approved by the auditor of state, and paid out of the state treasury; said auditor may allow for said expenses and fees the following rates: For sheriff, three dollars per day; for each assistant or guard absolutely necessary, two dollars per day, and ten cents per mile for traveling expenses in going and coming." This section was in an act adopted in 1870. In 1873 an act was passed providing for the hospital for the insane. This act became chapter 40 of the Compiled Statutes, and section 50 of that chapter relates to the compensation of the commissioners of insanity and other officers. Among other things the section provides: " The examining physician shall be entitled to $5 for each case examined, and mileage at the rate of ten cents per mile each way. The sheriff shall be allowed for his personal service in conveying a patient to the hospital and returning therefrom, at the rate of $3 per day for the time necessary and actually employed, and mileage the same as is allowed in other cases, and for other service the same fees as for like serv-

ices in other cases." On the one side it is contended that the language, "mileage the same as is allowed in other cases," refers to the cases provided for in section 5, chapter 28. On the other side it is claimed that the phrase refers back either to the allowance in the same section of ten cents a mile to the examining physician, or if not that, then to chapter 86, section 33, fixing ten cents per mile for the conveyance of prisoners to the penitentiary, it being argued that the services there performed are analogous to this, and that is, therefore, the same mileage as is allowed in other cases within the meaning, of the section we are construing. We think the former construction is correct. Had the legislature intended to measure the sheriff's mileage by that allowed the examining physician, it certainly would have used language more apt for that purpose. Had it intended to fix the same mileage as for conveying a prisoner, a reference would be made to that service, as the section providing for such mileage is the only one of that character. We think that section 50 plainly refers back to section 5 of chapter 28. The language is not that the sheriff shall receive such mileage as is allowed in like cases, but the same as is allowed in other cases, and this provision is immediately followed by one allowing for other services the same fees as for like services in other cases. The latter clause evidently refers back to section 5, which fixes the sheriff's fees for different services which he may perform, and we can see no reason for giving the section such a construction that the provision for mileage shall be made to refer to one section and the provision for other services to another one, when the latter contains an express and general provision as to mileage.

It is said, in argument, that there is no reason why the sheriff's mileage for conveying a patient to the hospital should be less than for conveying a prisoner to the penitentiary, or less than the mileage of the examining physician in cases of insanity. Were the question of construc-

tion very close, this argument might have sufficient weight to control the decision; but we think it so clearly appears that the legislature intended to refer back to. section 5, chapter 28, that we cannot attach much importance to the argument. For some reason the legislature has seen fit to provide a different compensation in such cases. The conclusion so reached accords with the judgment rendered in the district court, which is, therefore,

AFFIRMED.